James Otis CUNNINGHAM, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 30920

Summary Calendar.\*

United States Court of Appeals, Fifth Circuit.

April 1, 1971.

James Otis Cunningham, pro se.

Crawford Martin, Atty. Gen., Austin, Texas, Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Howard M. Fender, Asst. Attys. Gen., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

■■ This appeal is taken from the district court's denial of habeas corpus relief to a prisoner of the State of Texas. We affirm the order appealed for the reasons stated therein which are correct in point of law and fact. A copy of the district court's order is appended to this opinion.

Affirmed.

APPENDIX

IN THE

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

James Otis Cunningham

v. Civil Action 3–4040–B

Dr. George Beto

*ORDER OF DISMISSAL*

On this the 29th day of October, 1970, came to be considered the defendant's motion to dismiss the above case.

Petitioner seeks a Writ of Habeas Corpus under 28 U.S.C. § 2242 on the basis that potential jurors who had conscientious scruples against the death penalty were challenged for cause from the jury that tried him for murder and on the basis that his arrest without a warrant was improper. Petitioner was found guilty and sentenced to life imprisonment.

The Supreme Court in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), ruled that persons found guilty of capital offense

---

\* ■ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

could not be given the death penalty when potential jurors with scruples against the death penalty had been challenged for cause. The Court has specifically refused to extend this ruling beyond those instances where the death penalty was inflicted and has rejected the contention, advanced by petitioner in this case, that such challenges for cause make a jury prosecution prone on the question of guilt. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). The petitioner in this case did not receive the death penalty and thus his first contention is not a basis for relief.

Further it appears to this Court that the petitioner's second claim is insubstantial and no harm has been shown stemming directly from his arrest without a warrant.

It is therefore ordered, adjudged, and decreed that said motion to dismiss be and is hereby granted.

/s/ SARAH T. HUGHES
United States District Judge